UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOSEPH L. LACOME, JR.,

      Plaintiff,

v.                                         Case No. 8:06-cv-1942-T-24 MSS

VERIZON COMMUNICATIONS, INC.,
ET AL.,

      Defendants.
_____/

## ORDER

This cause comes before the Court on Defendant Omnium Worldwide, Inc.'s Motion to Dismiss and/or Motion for More Definite Statement. (Doc. No. 7). Plaintiff opposes the motion. (Doc. No. 12).

**I. Background**

Plaintiff, proceeding pro se, filed a complaint against Defendant Omnium Worldwide, Inc. ("Omnium"), in which he alleges the following (Doc. No. 1): Near the end of 2004, Plaintiff moved from the home he was leasing into a new home. (¶8). Before moving, he called Verizon Communications ("Verizon") to cancel his phone service. (¶ 9-10). In May 2005, Plaintiff received a collections notice from Verizon, because the phone service was not turned off at the end of 2004 despite his request. (¶ 11, 13). Plaintiff alleges that the new tenants that leased his prior residence had been using the phone service that should have been disconnected. (¶ 17). Therefore, in May 2005, Plaintiff filed a police report regarding the unauthorized use of the phone service by the new tenants, and he also filled out a fraud packet and mailed it in to Verizon. (¶ 27, 28).

Plaintiff did not hear anything from Verizon for over a year, and then on August 18, 2006, he received a collections notice from Omnium stating that it was collecting on the amount due to Verizon. (¶ 29). Plaintiff called Omnium and told it that the charges were fraudulent; however, Verizon had taken the position that since the phone service was not turned off, the charges were not considered fraudulent. (¶ 30, 32). Plaintiff contacted Omnium again and explained to it that he was disputing the debt and that he did not want further contact from Omnium. (¶ 34). Omnium responded that it would contact Plaintiff and continue to pursue the debt until Verizon told them to stop. (¶35).

Thereafter, Omnium continued to call Plaintiff. (¶ 39). For five weeks, Omnium called Plaintiff every other day; after that, it called Plaintiff once every five to seven days. (¶ 39, 40).

As a result, Plaintiff filed the instant lawsuit, in which he asserts three claims against Omnium: (1) a violation of the Fair Debt Collection Practices Act ("FDCPA"), (2) extortion, and (3) conspiracy. In response, Omnium moves to dismiss all three counts or to obtain a more definite statement.

## II.  Standard of Review on a Motion to Dismiss

In deciding a motion to dismiss, the district court is required to view the complaint in the light most favorable to the plaintiff. See Murphy v. Federal Deposit Ins. Corp., 208 F.3d 959, 962 (11th Cir. 2000)(citing Kirby v. Siegelman, 195 F.3d 1285, 1289 (11th Cir. 1999)). A complaint should not be dismissed for failure to state a claim upon which relief can be granted "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). The Federal Rules of Civil Procedure "do not require a claimant to set out in detail the facts upon which he

bases his claim." Id. at 47.  All that is required is "a short and plain statement of the claim." Fed. R. Civ. P. 8(a)(2).  The standard on a 12(b)(6) motion is not whether the plaintiff will ultimately prevail in his or her theories, but whether the allegations are sufficient to allow the plaintiff to conduct discovery in an attempt to prove the allegations.  See Jackam v. Hospital Corp. of Am. Mideast, Ltd., 800 F.2d 1577, 1579 (11th Cir. 1986).

### III.  Motion to Dismiss

Omnium moves to dismiss all three counts asserted against it.  Accordingly, the Court will analyze each count.

#### A.  Fair Debt Collection Practices Act

Plaintiff asserts a claim against Omnium for a violation of the FDCPA.  However, Plaintiff does not specify in the complaint how Omnium allegedly violated the FDCPA.  In his response to the motion to dismiss, Plaintiff specifies how Omnium allegedly violated the FDCPA.  Specifically, Plaintiff alleges that Omnium violated the 15 U.S.C. § 1692c and § 1692e(8) of the FDCPA.

Section 1692c states that it is a violation of the FDCPA to continue to communicate with a consumer with respect to a debt after the consumer notifies the debt collector in writing that the consumer refuses to pay the debt or that the consumer wishes the debt collector to cease further communication with the consumer.  Plaintiff, however, fails to include an allegation in the complaint that he notified Omnium *in writing* that he refused to pay the debt or that he wanted Omnium to cease further communication with him.  Instead, he alleges in his response to the motion to dismiss that he faxed a letter to Omnium demanding that it cease communication with him.  Since this allegation is not contained in the complaint, it cannot be used to support his

3

claim. Instead, Plaintiff needs to amend this claim to include all relevant allegations.

Section 1692e(8) provides that it is a violation of the FDCPA to communicate or threaten to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed. Plaintiff contends that since Omnium threatened Plaintiff that his credit would be damaged if he did not pay the debt, Omnium violated § 1692e(8). Plaintiff, however, did not allege this threat in the complaint, and as such, it cannot be used to support his claim. If Plaintiff wants the Court to consider this allegation, he needs to amend this claim to include all relevant allegations.

Therefore, for the reasons stated above, the allegations in Plaintiff's complaint do not support a claim for a violation of the FDCPA. However, the Court will grant Plaintiff leave to amend the complaint to add all relevant allegations.

### B.  Extortion

Next, Plaintiff asserts a claim against Omnium for extortion. Specifically, in his complaint, Plaintiff cites a case that sets forth the elements of criminal extortion, which is a violation of Florida Statute § 836.05. However, a violation of § 836.05 does not give rise to a civil cause of action. See Bass v. Morgan, Lewis, & Bockius, 516 So. 2d 1011, 1011 (Fla. 3rd DCA 1988); Miami Herald Publishing Co. v. Ferre, 636 F. Supp. 970, 976-77 (S.D. Fla. 1985). Accordingly, the Court dismisses this claim with prejudice.

### C.  Conspiracy

Next, Plaintiff asserts a claim against Omnium for civil conspiracy. In this count, Plaintiff merely sets forth the elements of civil conspiracy, which are "(a) a conspiracy between

two or more parties, (b) to do an unlawful act or to do a lawful act by unlawful means, (c) the doing of some overt act in pursuance of the conspiracy, and (d) damage to plaintiff as a result of the acts done under the conspiracy." Florida Fern Growers Association, Inc. v. Concerned Citizens of Putnam County, 616 So. 2d 562, 565 (Fla. 5th DCA 1993)(citation omitted). However, Plaintiff does not allege any facts to support this claim. In his response to the motion to dismiss, Plaintiff appears to concede that this claim is deficient. (Doc. No. 12, p.4). Therefore, the Court dismisses this claim without prejudice.

### IV.  Conclusion

Accordingly, it is ORDERED AND ADJUDGED that Omnium Worldwide, Inc.'s Motion to Dismiss and/or Motion for More Definite Statement (Doc. No. 7) is **GRANTED** to the extent that the Court dismisses Plaintiff's FDCPA and conspiracy claims without prejudice and dismisses Plaintiff's extortion claim with prejudice. However, Plaintiff is granted leave to file an amended complaint by December 14, 2006; failure to do so will result in this case being closed without further notice.

**DONE AND ORDERED** at Tampa, Florida, this 29th day of November, 2006.

*Susan C. Bucklew*
SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record
Pro Se Plaintiff